# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3290

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Ebony D. Williams, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 4, 2001
Filed: January 19, 2001

_____

Before LOKEN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

Within days after being placed on the supervised release portion of a sentence she received for passing counterfeit currency, Ebony D. Williams violated a release condition based on her failure successfully to participate in a community corrections center program. Following a revocation hearing at which she stipulated to the violation, the district court revoked supervised release and imposed 16 months imprisonment and 20 months additional supervised release. Williams challenges her sentence on appeal, and we affirm.

When a district court finds by a preponderance of the evidence that a defendant has violated a supervised release condition, the district court may revoke supervised release and impose imprisonment without credit for time previously served on postrelease supervision. See 18 U.S.C. § 3583(e)(3). We review for abuse of discretion. See United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995).

Having reviewed the record and Williams's brief, we conclude her revocation sentence neither exceeds the limits of section 3583(e), nor constitutes an abuse of discretion by the district court. See 18 U.S.C. §§ 472, 3559(a), 3583(e)(3), 3583(h).

We thus affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.